UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY L. VOSS, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 4:20-cv-1425-SEP |
| KILOLO KIJAKAZI,[1] Acting Commissioner of the Social Security Administration, | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Kilolo Kijakazi's (Commissioner) Motion to Reverse and Remand pursuant to Sentence Four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  Doc. [26].  For the reasons set forth below, the Motion is granted.

On October 2, 2020, Plaintiff Kimberly L. Voss filed a complaint seeking review of a final decision of the Commissioner.  Doc. [1] at 1.  Plaintiff filed an application for a Period of Disability, Supplemental Social Security Income benefits on December 13, 2016, which was denied at the initial level.  *Id.*  Plaintiff timely requested a hearing, which was held on July 19, 2019.  *Id.* at 2.  Plaintiff received an unfavorable decision after the hearing and thereafter appealed that decision by requesting review with the Appeals Council.  *Id.*  On July 31, 2020, the Appeals Council denied review of the action, stating that there was no basis under the regulations for granting Plaintiff's request.  *Id.*  Plaintiff brought this action to challenge the agency's decision to deny her review at the Appeals Council.  *Id.* at 3. In her Amended Complaint, Doc. [16], Plaintiff alleges that the only issue the Court must resolve is whether Plaintiff was under a disability on or after December 13, 2016, through the date of the decision of the Administrative Law Judge (ALJ).  *Id.* at 2.

---

[1] When this matter commenced on October 2, 2020, Andrew M. Saul was the Commissioner of the Social Security Administration.  On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and was substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

1

On November 12, 2021, Defendant filed this Motion to Remand pursuant to Sentence Four of Section 205(g) of the Social Security Act, which states that the Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for rehearing." *McLimore v. Saul*, 2021 WL 2222684, at *1 (E.D. Mo. June 2, 2021) (citing 42 U.S.C. § 405(g)). Defendant represents in her motion that remand is proper in this case because the ALJ failed to "properly evaluate Plaintiff's subjective complaints under Social Security Ruling (SSR) 16-3p when he did not consider possible reasons for gaps in Plaintiff's treatment." Doc. [26] at 1. Specifically, Defendant notes that the ALJ found that "the lack of anticipated regular treatment by specialists . . . did not support Plaintiff's assertions of total disability." *Id.* at 2. Defendant contends that the ALJ did not inquire about possible reasons for the gap in treatment during the hearing, nor did the decision discuss medical records that addressed the reasons that Plaintiff may not have been able to seek treatment after she moved to St. Louis. *Id.* Thus, according to Defendant, reversal of the ALJ's decision and remand to the agency is appropriate for the ALJ to consider those explanations and ensure that Defendant properly considers Plaintiff's claim. *Id.*

The Court agrees with Defendant that reversal and remand in this case will promote expeditious administrative review and ensure that Plaintiff's claim is properly considered. Thus, the Court reverses the decision of the ALJ and remands this case to the Commissioner.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand (Doc. [26]) is **GRANTED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that, pursuant to Sentence Four of 42 U.S.C. § 405(g), this case is **REMANDED** to the Commissioner for further consideration.

**IT IS FURTHER ORDERED** that upon entry of the Judgment, the appeal period will begin, which determines the 30-day period in which a timely application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, may be filed.

Dated this 7th day of December, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE